**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2263

_____

EDWIN PATRICIO MORALES-REDROVAN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-648-505)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2016

BEFORE: FISHER, CHAGARES AND COWEN, <u>Circuit Judges</u>

(Opinion Filed:  February 4, 2016)
_____

OPINION*
_____

COWEN, <u>Circuit Judge</u>.

Edwin P. Morales-Redrovan petitions for review of an order by the Board of

Immigration Appeals ("BIA") denying his motion to reopen.  We will deny the petition.

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not

A citizen and national of Ecuador who entered the United States without inspection, Morales-Redrovan eventually retained Ephraim Tahir Mella, Esq. and his associates to represent him in his removal proceedings. The Immigration Judge ("IJ") denied Morales-Redrovan's application for cancellation of removal because of a failure to demonstrate his presence in the United States for the requisite time period and to establish that his qualifying relatives would suffer extreme and exceptionally unusual hardship in the event that he were removed from the United States. Relying on the "exceptional and extremely unusual hardship" requirement, the BIA dismissed his administrative appeal. Represented by a different attorney, Morales-Redrovan unsuccessfully requested a one-year stay of removal.

Morales-Redrovan retained new counsel, who filed on his behalf a motion to reopen (as well as a request for a stay of removal) alleging ineffective assistance of counsel on the part of Mella and his associates. The BIA denied both motions. The motion to reopen was denied "because the respondent has not demonstrated prejudice." (AR3 (citing Fadiga v. Attorney General, 488 F.3d 142, 159 (3d Cir. 2007)).) According to the BIA, in order to qualify for cancellation of removal, an alien must demonstrate that his or her removal would result in exceptional and extremely unusual hardship to his qualifying relatives. This standard requires a showing of hardship substantially beyond

constitute binding precedent.

2

that which would ordinarily be faced by a qualifying relative upon the alien's removal. Morales-Redrovan argued that his former counsel should have prepared him differently and asked him to provide additional evidence. "However, the respondent has not submitted additional evidence demonstrating that his removal would prima facie satisfy the requirements of cancellation. Therefore, he has not demonstrated prejudice." (Id.)

II.

In order to prevail on a motion to reopen premised on the ineffective assistance of counsel, Morales-Redrovan had to show, inter alia, that he was prejudiced by his former counsel's actions.[1] See, e.g., Fadiga, 488 F.3d at 158-59. "This Court determined that prejudice exists in the context of an immigration-based ineffective assistance of counsel claim where there is a 'reasonable likelihood' that an IJ would not have entered a removal order in proceedings 'absent [former] counsel's errors.'" (Petitioner's Brief at 18 (quoting Fadiga, 488 F.3d at 158-59).) A reasonable likelihood or probability consists of a probability sufficient to undermine confidence in the outcome. See, e.g., Fadiga, 488 F.3d at 160-61. In turn, the Attorney General may cancel removal if, among other things, the alien establishes that his or her removal would result in exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D).

---

[1] We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252. A BIA order denying a motion to reopen is reviewed for abuse of discretion. See, e.g., Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). The BIA abuses its discretion if its ruling is "'arbitrary, irrational, or contrary to law.'" Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)).

3

The BIA did not abuse its discretion by denying the motion to reopen. Morales-Redrovan argues that the BIA irrationally failed to find that he was prejudiced. According to him, it appears impossible not to conclude that there was a reasonable likelihood of a different outcome in the removal proceedings "if the Petitioner were prepared for trial, had been educated about evidence relevant to support his application for relief, and had the record in his case been reviewed by Attorney Mella or his subordinates in advance of Mr. Morales-Redrovan's merits hearing." (Petitioner's Brief at 24 (citing AR7).) He also asserts that the BIA abused its discretion by claiming that the record did not demonstrate his prima facie eligibility to seek cancellation of removal. However, the BIA appropriately determined that Morales-Redrovan failed to establish a reasonable likelihood that he would have satisfied the "exceptional and extremely unusual hardship" prong in the absence of his former attorneys' allegedly deficient performance. As the BIA indicated, he did not submit (or even identify) the specific evidence that former counsel should have presented in the prior proceedings. Without this evidence, Morales-Redrovan did not establish a reasonable likelihood of the agency finding that his removal would result in hardship "substantially beyond that which would ordinarily be faced by a qualifying relative upon the removal of the alien." (AR3 (citing In re Monreal, 23 I. & N. Dec. 56 (BIA 2001)).)

### III.

For the foregoing reasons, we will deny Morales-Redrovan's petition for review.

4